UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTINA C. WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> ROSS MEDICAL EDUCATION CENTER, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:18-cv-00139 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CHRISTINA C. WASHINGTON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ROSS MEDICAL EDUCATION CENTER ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.*, for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4.  Plaintiff is a 28 year old natural person residing at 1092 Patty Lane, South Bend, Indiana, which is located within the Northern District of Indiana.

5.  Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6.  Defendant offers educational programs in the healthcare industry. With its principal place of business located at 1188 East Paris Avenue SE, Grand Rapids, Michigan, Defendant regularly solicits consumers throughout the United States, including those located in Indiana.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.  During the summer of 2017, Plaintiff began receiving calls from Defendant to her cellular phone, (574) XXX-8788.

10.  At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8788. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant mainly calls Plaintiff using the phone number (810) 620-7274, but upon belief, it has used other numbers as well.

12.   Upon information and belief, the above phone number ending in 7274 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

13. When Plaintiff answers Defendant's phone calls, she experiences a noticeable pause, lasting approximately three to five seconds in length, before she is connected with a live representative.

14. Upon speaking with Defendant's representatives, Plaintiff is often subjected to background noises sounding similar to that of a call center.

15. Upon speaking with Defendant, Plaintiff was solicited to enroll in its educational programs.

16. Plaintiff was never interested in attending Defendant's program, so she informed it that she was not interested in its services and demanded that it stop contacting her.

17. Despite Plaintiff's efforts, Defendant's phone calls ensued up through the end of 2017.

18. Defendant has called Plaintiff's cellular phone at least 50 times since she demanded that it stop calling her.

19.   With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $68.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.  However, Defendant's communications persisted.

20.  Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

21.   Plaintiff has been unfairly harassed by Defendant's actions.

22.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity,

diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The brief pause, lasting approximately three to five seconds in length, that Plaintiff experiences during answered calls before being connected to a representative of Defendant is instructive that an ATDS was being used. Similarly, the call center background noise that Plaintiff is subjected to when speaking with Defendant points to the involvement of an ATDS. Lastly, the frequency and nature of Defendant's calls are indicative of an ATDS.

26. Defendant violated the TCPA by placing at least 50 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her demands to cease contact.

27. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, CHRISTINA C. WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation efforts towards Plaintiff.

31. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

32. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

33.  Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

34.  Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

35. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff.  Through systematic and frequent solicitation attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Plaintiff told Defendant to stop calling, which would revoke any theoretical consent that Plaintiff might have given. However, Defendant consciously continued its abusive attempts to contact Plaintiff.

36. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Once Plaintiff demanded that Defendant stop calling her, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, Defendant continued its deceptive conduct. Thinking Defendant's conduct was lawful, Plaintiff relied on such representations when she decided to purchase and install a mobile phone application in order to quell Defendant's contact efforts. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

37. In violating the TCPA, Defendant further violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19).  "In other words, an IDCSA claim may be based on one or more of the acts *or* representations on the list.  A claim may be based only on an enumerated act, and not a representation at all."  *Anderson v. O'Leary Paint Co*., 2011 U.S. Dist. LEXIS 110837 at 17.

38. In violating the TCPA, Defendant engaged in illegal behavior during its solicititation efforts towards Plaintiff.   Defendant intended that Plaintiff rely on its illegal behavior.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

40.  Although unsuccessful, Plaintiff made attempts to correct Defendant's deceptive acts by demanding that it cease contacting her. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. Defendant had ample knowledge to know that it should no longer contact Plaintiff after being told to stop calling. Nevertheless, Defendant continued to contact Plaintiff in an attempt to solicit her business. This illustrates Defendant's artifice with intent to mislead Plaintiff, as the sole reason why Defendant would unlawfully contact Plaintiff after being told to stop would be to mislead Plaintiff into submission in order to ultimately attain her enrollment.

41. Upon information, Defendant conducts the above described behavior on a wide and frequent basis.  This behavior is extremely unfair and abusive, and goes against the state's goal of preventing the phone from frequently ringing with unwanted calls.  Every call uses some of the phone owner's time and mental energy, both of which are precious.

42. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 18 through 22, Plaintiff has suffered damages as a result of Defendant's unlawful practices, including spending

money on the purchase of a mobile phone application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, CHRISTINA C. WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 23, 2018                                         Respectfully submitted,

s/ Nathan C. Volheim                                             s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                 Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                            Counsel for Plaintiff
Admitted in the Northern District of Indiana                     Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.                                         Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                          Lombard, Illinois 60148
(630) 568-3056 (phone)                                           (630) 581-5858 x110 (phone)
(630) 575-8188 (fax)                                             (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                         thatz@sulaimanlaw.com