UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHRISTINA C. WASHINGTON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | 3:18CV139-PPS/MGG |
| ROSS MEDICAL EDUCATION CENTER, | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

Ross Medical Education Center offers training and certification for medical and dental assistants and other medical support positions. Christina Washington complains that the telephonic pestering she received from Ross about enrolling in its programs violated the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*[1] The TCPA prohibits making any call "without the prior express consent of the recipient 'using any automated telephone dialing system' ('autodialer') to 'any telephone number assigned to a paging service [or] cellular telephone service.'" *Blow v. Bijora, Inc.*, 855 F.3d 793, 798 (7th Cir. 2017) (quoting 47 U.S.C. §227(b)(1)(A)(iii)). Ross has filed a motion to dismiss, challenging the sufficiency of Washington's pleading of the TCPA claim.

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual

---

[1] A second claim under the Indiana Deceptive Consumer Sales Act has been voluntarily dismissed. [DE 11.]

allegations are accepted as true at the pleading stage." *Adams*, 742 F.3d at 729. The facts alleged must be enough "to raise a reasonable expectation that discovery will reveal evidence" to support liability. *Twombly*, 550 U.S. at 556. Ross initially contends that Washington's complaint lacks sufficient facts to support three elements of the TCPA claim: the use of an autodialer, the call to a cell number, and the lack of prior express consent. [DE 10 at 4.] But Ross then abandons the challenge to the third element and articulates an argument only as to the use of an autodialing system, with just a passing reference to the allegations about a cell phone. [*Id*. at 4-5; DE 18 at 1-3.] Under the applicable standards, the motion is readily disposed of.

Washington alleges that Ross used an ATDS to place calls to plaintiff. [DE 1 at ¶25.] In support, the complaint makes additional factual allegations. Washington alleges that "[t]he brief pause, lasting approximately three to five seconds in length, that Plaintiff experiences during answered calls before being connected to a representative of Defendant is instructive that an ATDS was being used." [*Id*.] The purpose of the calls was Ross's efforts to solicit Washington's enrollment in its programs, and persisted even after Washington "demanded that [Ross] stop contacting her." [*Id*. at ¶¶15, 16.] In addition, Washington alleges that the use of an ATDS is indicated by "the call center background noise" she heard during calls from Ross, and by "the frequency and nature of Defendant's calls." [*Id*. at ¶25.]

Ross cites a single case in support of its attack on the sufficiency of Washington's pleading. *Hanley v. Green Tree Servicing, LLC*, 934 F.Supp.2d 977 (N.D. Ill. 2013), is

2

clearly distinguishable. There Judge Castillo granted a motion to dismiss because "the entirety of the facts pleaded in Hanley's complaint" concerning the use of an autodialer was the conclusory allegation that the defendant called Hanley using an automatic telephone dialing system and/or an artificial or prerecorded voice. *Id.* at 979. Hanley's was a complaint that "merely parrot[s] the statutory language of the claims" being pled, which is insufficient to withstand a Rule 12(b)(6) challenge. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Washington, by contrast, has offered specific facts about the telephone calls she received – including the silent delay before connection to a live caller, the "call center" background noise, and the solicitation purpose of the more than 50 calls – to create a reasonable expectation that discovery will confirm that an autodialer was used. This pleading is distinguishable from Hanley's "wholly inadequate complaint in which next to nothing is pleaded." *Id*. at 982.

Other district courts have recognized "the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery." *Knutson v. Reply!, Inc.*, No. 10CV1267, 2011 WL 1447756, at *1 (S.D. Cal. April 13, 2011). *See also Harnish v. Frankly Co.*, No. 5:14-CV-02321-EJD, 2015 WL 1064442, at *3 (N.D. Cal. Mar. 11, 2015). Courts have therefore "rel[ied] on details about the call to infer the use of an ATDS." *Hickey v. Voxernet LLC*, 887 F.Supp.2d 1125, 1129-30 (W.D. Wash. 2012). As is the case here, a "Plaintiff's description of the calls as including dead-air time is sufficient to establish use of an automatic telephone dialing system" for purposes of Rule 12(b)(6) analysis. *Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-M, 2017 WL 721079, at *3

(N.D. Tex. Feb. 23, 2017). *See also Bell v. Survey Sampling International, LLC*, No. 3:15-CV-1666 (MPS), 2017 WL 1013294, at *6 (D.Conn. Mar. 15, 2017); *Loveless v. A1 Solar Power, Inc.*, No. ED CV 14-1779 FMO, 2015 WL 4498787, at *3 (C.D. Cal. July 23, 2015); *Evans v. Corinthian Colleges, Inc.*, No. 1:14-cv-00002-SEB-DML, 2014 WL 2866369, at *1 (S.D. Ind. June 23, 2014). Washington's allegations in support of Ross's use of an autodialer are adequate to withstand the motion to dismiss.

To the (minimal) extent Ross challenges Washington's TCPA claim as to the placement of calls to a cell phone, the argument is even less compelling. Washington alleges that the calls she received from Ross were placed "to her cellular phone, (574) XXX-8788." [DE 1 at ¶9.] She further alleges that at all relevant times, she was "the sole subscriber, owner, and operator of the cellular phone ending in 8788" and "is and always has been financially responsible for" the cell service to that number. [*Id.* at ¶10.] These are facts of which Washington would have firsthand personal knowledge and which are sufficient to support that the number called was in fact a cellular account. What more could possibly be expected? The suggestion that there is any deficiency in the pleading of this element is rejected out of hand.

Construing the complaint in the light most favorable to Washington, she has amply pled sufficient facts to allow a reasonable inference that Ross violated the TCPA. The motion to dismiss will be denied.

ACCORDINGLY:

Defendant Ross Medical Education Center's motion to dismiss [DE 9] is DENIED.

SO ORDERED.

ENTERED: May 22, 2018.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**